**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lily Cortez,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-17-8172-PCT-DMF<br><br><br>**ORDER** |

Plaintiff Lily Cortez appeals from the denial of her application for benefits from the Social Security Administration. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). As detailed below, the Court concludes that the ALJ's opinion contains non-harmless legal error and remands for further proceedings.

**Standard of Review**

This court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence supports the ALJ's decision, the court considers the record as a whole, weighing both the evidence that supports and that which

detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). Thus, the Court must affirm the ALJ's decision where the evidence considered in its entirety substantially supports it and the decision is free from reversible error. 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).

## Analysis

Cortez has a high school education and was 51 years old at her amended onset date. (Tr. 14, 60) One of Cortez's arguments is that the ALJ did not properly evaluate the medical opinions from her treating physicians. (Doc. 16 at 11-19) The Court agrees.

If a treating physician's opinion "is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). *See also Revels v. Berryhill*, 874 F.3d 648, 654–55 (9th Cir. 2017).

In the opinion, the ALJ described some of the limitations detailed by one of Cortez's treating providers, Dr. Brownsberger, and then stated the following:

> The undersigned assigns this opinion little weight because it is inconsistent with the medical evidence. The evidence shows that the claimant has multiple impairments including degenerative disc disease and ambulated slowly (Exhibits 4F; 6F; 38F). In January 2015, treatment records indicate the claimant's epidural injections provided five to six months of relief (Exhibit 11F/1). She also alleged hip pain and was diagnosed with trochanter bursitis (Exhibit 39F/53). She underwent his bursectomies and recovered well (Exhibits 20F/3, 19, 23; 32F/14; 42F/3). In October 2015, the claimant's treating provider stated the claimant's bursitis improved (Exhibit 23F/1).

(Tr. 26) The opinion then restated these same six sentences. (Tr. 26-27) The subsequent two paragraphs of the opinion follow the same template: a description of limitations

outlined by Cortez's treating physicians, Dr. Ho and Dr. Randazzo, followed by these same six sentences.[1] (Tr. 27)

Even if repeating the same sequence of sentences could ever satisfy the ALJ's obligation to "provid[e] specific and legitimate reasons that are supported by substantial evidence," *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005), this attempt is insufficient.

First, the ALJ acknowledges Cortez's "multiple impairments." This is consistent with the treating physicians' statements. Then, the opinion states that her "January 2015[] treatment records indicate the claimant's epidural injections provided five to six months of relief (Exhibit 11F/1)." The Court notes that this citation is to a medical record where Cortez reported that an injection had provided relief three years earlier. Moreover, the record shows that Cortez received epidural injections on March 20, 2105, and then experienced such emergent pain that she presented to the emergency department on April 5, 2015. (Tr. 1074, 1948, 1962-63) This kind of cherry-picking in the record is impermissible. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).

The next sentence—that Cortez "alleged hip pain and was diagnosed with trochanter bursitis"—is again consistent with the opinions the ALJ was attempting to discount. The final two sentences state that Cortez had surgeries, recovered well, and implied that her treating provider subsequently stated in October 2015 that her bursitis had improved. First, the Court notes that the cited record was from October 2014, predated her surgeries, and stated in relevant part:

> We last saw her in the clinic at the end of August with complaints of worsening low back pain. I have been treating Lily also for bilateral trochanteric bursitis, and she responded well from that standpoint. She has had worsening pain in her low back though, also with bilateral lower extremity radiculopathy, left greater than right, in predominately an L4 distribution. She feels that her leg symptoms have improved somewhat, however, her back continues to worsen.

---

[1] Two paragraphs later, the opinion details the limitations of the State agency consultants, gives those opinions significant weight, and then restates the last five of those six sentences. (Tr. 28)

- 3 -

(Tr. 495) In other words, this medical record indicates that Cortez's bursitis responded well to treatment even as her lower back pain increased. This is, again, impermissible cherry-picking.

The opinion does not provide any other explanations for discounting Cortez's treating physicians. As detailed above, the Court concludes that these few, repeated sentences do not constitute specific and legitimate reasons supported by substantial evidence such that this Court can uphold the ALJ's rejection of Cortez's treating physicians' opinions.

**Conclusion**

Because the Court concludes that the ALJ's opinion cannot stand, Cortez's other arguments will not be addressed. Although Cortez seeks a remand for benefits, the Court concludes that the best course is to remand for further proceedings. *Vasquez v. Astrue*, 572 F.3d 586, 596 (9th Cir. 2009).

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner is vacated and this matter is remanded to the Commissioner for further proceedings consistent with this Order. The Clerk of the Court shall enter judgment accordingly.

Dated this 18th day of September, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge